BURKE v. CHARLES A. COWEN & CO.

(Supreme Court, Appellate Division, First Department.   January 22, 1909.)

NEGLIGENCE (§ 71*)—CONTRIBUTORY NEGLIGENCE—EXIT FROM BUILDING.

Plaintiff, engaged in plastering for a subcontractor in the upper part of a building being erected by defendant, the general contractor, in leaving the building by an unusual route and one not intended or provided by defendant as an exit, was required to look out for himself and took the risk incident to the unfinished condition of the building.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 98; Dec. Dig. § 71.*]

Appeal from Trial Term, New York County.

Action for personal injury by John Burke against Charles A. Cowen & Co.   From a judgment for plaintiff, defendant appeals.   Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

G. Glenn Warden, for appellant.

J. Arthur Hilton, for respondent.

INGRAHAM, J.   The defendant, a domestic corporation, carrying on business as general contractor and builder, was the general contractor for the construction of a building on the premises known as 532 Sixth avenue, in the city of New York, and was in possession of the premises at the times mentioned in the complaint.   On the trial the plaintiff testified: That he had been working in this building as a plasterer for a Mr. Miller, who was a subcontractor; that on the morning of the 24th of November, 1903, he came to work, but, finding that there was a dispute between his employer and some of his laborers at work there, no work was done; that the entrance on Sixth avenue was on the south side of the building, and there were stairs leading from the first to the second floor on the north side, about 25 or 30 feet from Sixth avenue; that between the stairs on the north wall of the building and the Broadway side there were materials of all description, but the north side of the building was a little clearer than the south side; that some time before the accident he went upstairs, packed up his tools, and started for home; that on reaching the first floor he turned around to go to the Broadway entrance to the building, and as he walked along what he called a pathway through this piled-up material he saw an Italian walking in front of him; that the Italian stepped to one side, and plaintiff walked past the Italian into a hole in the floor.   Upon cross-examination the plaintiff testified: That on this floor there were building materials of all kinds and descriptions piled up; that the materials would be dumped there and taken away by the workmen from time to time; that the plaintiff had been working in the building for about three weeks prior to the accident; that he had been in and out of the building every day, had been in the habit of going in and out of the building at the Sixth avenue entrance; that as he walked along he was following the Italian; that the Italian stepped on one side, but the plaintiff continued on, and so fell into the hole;

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that he was at that time looking ahead of him and was not looking down; that during the time the building was being erected he had never been through the building towards the Broadway entrance; that before the accident he saw that a smokestack came up through that hole; that he had seen this smokestack when he was going upstairs prior to the accident; that he fell through the hole outside of the smokestack; that this hole was about four by eight or ten feet; that there had been some plank put over a part of the hole, and the smokestack or pipe from the boiler came through the hole; that the men in going about this floor had to do the best they could to get around and through the building material. There was no evidence offered for the defendant, and at the end of the case the defendant moved to dismiss the complaint, or to direct a verdict for the defendant, which motion was denied, and the defendant excepted. The court then submitting it to the jury to say whether the defendant failed in a duty that it owed to the plaintiff.

It is a little difficult to see wherein this defendant violated any duty that it owed to the plaintiff, or to any one else, in respect to this first floor of the building. So far as appears, the entrance to the building provided for the workmen was from Sixth avenue, where the plaintiff had been in the habit of entering, and through which he entered on the day in question. Upon entering the building, the men were required to find their way through the materials upon this floor to the stairway leading to the upper part of the building, where the plaintiff and the other men were at work. The plaintiff had no business on the first floor except to go to and from his work, and there was no invitation to the plaintiff, or any one else, to use the Broadway exit. The opening was not a shaft or other method for going about the building, and the defendant could not have anticipated that the plaintiff, or any one else, would wander about the first floor of the building and fall into an opening through which a smokestack extended. The Italian who was walking in front of the plaintiff evidently saw the hole and got out of the way of it. The plaintiff, immediately following him, walked right on without looking where he was going. In walking through such a building under the circumstances, he was required to look out for himself, and took the risk incident to the unfinished condition of the building.

It follows that the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.